1  JAMES HAWKINS APLC
   JAMES R. HAWKINS SBN 192925
2  GREGORY MAURO, SBN 222239
   9880 Research Drive, Suite 200
3  Irvine, California 92618
   Telephone: (949) 387-7200
4  Facsimile:  (949) 387-6676
   James@jameshawkinsaplc.com
5  Greg@jameshawkinsaplc.com

6  Attorneys for Plaintiff ANGELINA PONCE
   individually and on behalf of all others similarly situated

7

8            UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISON

10

11 | ANGELINA PONCE, individually and        Case No.
   | on behalf of all others similarly situated,   Assigned for all Purposes to:
   |                                          Hon.
12 |                         Plaintiffs,      Dept.

13 |                v.                        **CLASS ACTION COMPLAINT:**

14 | UNITED CEREBRAL
   | PALSY/SPASTIC CHILDREN'S
15 | FOUNDATION OF LOS ANGELES         1.  **FAILURE TO PAY OVERTIME;**
   | AND VENTURA COUNTIES, a           2.  **FAILURE TO PROVIDE MEAL**
16 | California Corporation; and DOES 1-10,   **PERIODS;**
   | inclusive,                        3.  **FAILURE TO AUTHORIZE**
17 |                                       **AND PERMIT PAID REST**
   |                         Defendants.      **PERIODS;**
18 |                                   4.  **UNFAIR BUSINESS**
   |                                       **PRACTICES;**
19 |                                   5.  **FAILURE TO TIMELY PAY**
   |                                       **WAGES; AND**
20 |                                   6.  **VIOLATION OF THE FAIR**
   |                                       **LABOR STANDARDS ACT**
21 |                                       **("FLSA")**

22

23

24

25 |                                   **DEMAND FOR JURY TRIAL**

26

27

28

COMES NOW Plaintiff ANGELINA PONCE ("Plaintiff"), individually and on behalf of others similarly situated, asserts claims against defendants UNITED CEREBRAL PALSY/SPASTIC CHILDREN'S FOUNDATION OF LOS ANGELES AND VENTURA COUNTIES, a California Corporation,  and Does 1-10, inclusive (collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1.      The United States District Court for the Central District of California has jurisdiction over this case by virtue of original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims alleged herein arising under the California Labor Code.

2.      This Court has personal jurisdiction over the Defendants because Defendants have sufficient minimum contacts in the State to render the exercise of jurisdiction by this Court proper and necessary. Defendants intentionally avail itself of the markets within this State through the promotion, sale, marketing, and distribution of its services.

3.      Venue is proper in the Central District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants conduct business in the County of Los Angeles, California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within the County of Los Angeles and elsewhere in California.  Defendants employ numerous Class Members in the city of Los Angeles and throughout California.

4.      Defendants are corporations engaged in the creation of community-based services for children and adults with developmental disabilities and are doing business in Los Angeles, California, and operating at various offices and locations throughout the state of California.  On information and belief, Defendants have

**CLASS ACTION COMPLAINT**

conducted business within the State of California during the purported liability period and continue to conduct business throughout the State of California. The unlawful acts alleged herein have had a direct effect on Plaintiff, and the similarly situated non-exempt employees within Los Angeles and throughout the State of California, and Defendants employ or have employed sufficiently numerous Class Members as non-exempt employees.

5.      On information and belief, during the statutory liability period and continuing to the present ("liability period"), Defendants consistently maintained and enforced against Defendants' Non-Exempt Employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:  a) failing to pay overtime; b) failing to provide meal and rest periods; c) failing to pay all wages earned upon separation from Defendants;  (d) violations of the California Unfair Competition laws; and (e) failing to pay overtime wages ("FLSA").

6.      On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to pay overtime for hours worked in excess of forty hours in a workweek or more than 8 hours in a workday.

7.      On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to provide its Non-Exempt Employees within the State of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

8.      On information and belief, during the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of requiring its Non-Exempt Employees within the State of

California, including Plaintiff, to work at least five (5) and or ten (10) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

9.   Plaintiff on behalf of herself and all Class Members bring this action pursuant to Labor Code sections 201, 202, 203, 226.7, 510, 512, 558, 1194, and California Code of Regulations, Title 8, section 11000 *et. seq.*, applicable IWC Wage Orders, seeking unpaid overtime wages, seeking rest and meal period compensation, penalties, and other equitable relief, and reasonable attorneys' fees and costs.

10.   Plaintiff, on behalf of herself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seek injunctive relief and restitution of all benefits Defendants enjoyed from their failure to pay overtime wages, rest and meal period compensation, and failure to pay all wages earned upon separation from Defendants.

11.   Plaintiff, on behalf of herself and all Class Members, also seek recovery based upon the alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*("FLSA").

## **PARTIES**

12.   Plaintiff, ANGELINA PONCE is, and at all times relevant to this action, a resident of Los Angeles, California. Plaintiff was employed by Defendants approximately in 2002 as a Non-Exempt Caregiver through her separation in approximately February 2015, performing duties relating to providing assistance to developmentally challenged children and adults .

13.   Defendants, UNITED CEREBRAL PALSY/SPASTIC CHILDREN'S FOUNDATION OF LOS ANGELES AND VENTURA COUNTIES, create community-based services for children and adults with developmental disabilities

and are doing business across California.

14.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and were at all times mentioned herein licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

15.    Whenever in this complaint reference is made to any act, deed, or conduct of Defendants', the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

16.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 10, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names.  Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

17.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

18.    Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and

**CLASS ACTION COMPLAINT**

1  wherever reference is made in this complaint to any conduct by Defendant or
2  Defendants, such allegations and references shall also be deemed to mean the
3  conduct of each of the Defendants, acting individually, jointly, and severally.
4  Whenever and wherever reference is made to individuals who are not named as
5  Defendants in this complaint, but were employees and/or agents of Defendants,
6  such individuals, at all relevant times acted on behalf of Defendants named in this
7  complaint within the scope of their respective employments.

8                          **CLASS ACTION ALLEGATIONS**

9          19.    Pursuant to Fed.R.Civ.P. Rule 23(a) (1)-(4) and 23(b) (3), this action is
10  brought and may be properly maintained as a class action. This action satisfies the
11  ascertainability, numerosity, typicality, commonality, adequacy, predominance, and
12  superiority requirements of those provisions.

13         20.    Plaintiff brings this action on his own behalf, as well as on behalf of
14  each and all other persons similarly situated, and thus, seeks class certification
15  under Federal Rules of Civil Procedure 23.

16         21.    All claims alleged herein arise under California law for which Plaintiff
17  seeks relief as authorized by California law.

18         22.    The proposed class is comprised of and defined as:

19
20      **California Class:** Any and all persons who are or were employed in
        non-exempt positions, however titled, by Defendants in the state of
21      California within four (4) years prior to the filing of the complaint in
        this action until resolution of this lawsuit (hereinafter collectively
22      referred to as the "Class" or "Class Members").

23         23.    Plaintiff also seeks to represent the subclass(es) composed of and
24  defined as follows:

25
26      **Sub-Class 1:** All California Non-Exempt Employees whom Defendants,
        during the appropriate time period, paid hourly (hereinafter, the "Non-
27      Exempt" Class).

28

**Sub-Class 2:** All Non-Exempt Employees employed by Defendants during the appropriate time period whom Defendants failed to pay all wages owed upon separation from employment; (hereinafter, the "Timely Wages Class").

24.    The term "Class" includes Plaintiff and all members of the Class and each of the subclasses, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

25.    There is a well-defined community of interest in this litigation and the members of the Class are easily ascertainable as set forth below:

a.    Numerosity:  The members of the Class and/or Subclass are so numerous that joinder of all members of the Class and/or Subclass would be unfeasible and impractical.  The membership of the entire Class and/or Subclass is unknown to Plaintiff at this time, however, the Class is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.    Typicality:    Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or subclass(es) with whom she has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass(es), and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass(es) in separate actions.  All members of the Class and/or Subclass(es) have been similarly harmed by not being provided meal periods, authorized and permitted rest periods or paid premium wages in lieu thereof, and not paid all wages due and owing all due to Defendants' own policies and practices that affected each member of the Class and/or Subclass(es) similarly.  Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclass(es).

c.    Adequacy:    Plaintiff is qualified to, and will fairly and

**CLASS ACTION COMPLAINT**

adequately protect the interests of each member of the Class and/or Subclass(es) with whom she has a well defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass(es). Plaintiff's attorneys and the proposed Counsel for the Class and Subclass(es) are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass(es) if needed.

d.    Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclass would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclass, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclass and the disposition of their interests through actions to which they were not parties.

e.    Public Policy Considerations: Employers in the state of California violate employment and labor laws everyday. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

f.    Commonality: There are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

**CLASS ACTION COMPLAINT**

ii)     Whether the Members of the Class regularly worked overtime;

iii)    Whether the Members of the Class were paid regular straight time pay, overtime pay and/or double time pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week;

iv)     Whether Defendants failed and continue to fail to provide meal periods to the Members of the Class in violation of the Labor Code and Section 11 of the IWC Wage Orders;

v)      Whether Defendants failed and continue to fail to authorize and permit paid rest periods to the Members of the Class in violation of the Labor Code and Section 12 of the IWC Wage Orders;

vi)     Whether Defendants failed to timely furnish accurate itemized statements to the Members of the Class;

vii)    Whether Defendants failed to timely pay all wages owed upon separation from Defendant's employ to the Members of the Class;

viii)   Whether Defendants' conduct constitutes unfair competition within the meaning of B&PC §17200, *et seq.*;

ix)     Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

x)      Whether the Members of the Class are entitled to injunctive relief;

xi)     Whether the Members of the Class are entitled to restitution; and

xii)    Whether Defendants are liable for attorneys' fees and costs.

- 8 -

## COLLECTIVE CLASS ALLEGATIONS

26.    Plaintiff hereby incorporates each and every allegation contained above and re-alleges said allegations as if fully set forth herein.

27.    Plaintiff further bring this suit as a Collective Action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.,* ("FLSA") on behalf of a **Collective Class**, which is constituted of all persons who were, are, or will be employed by Defendant as:

> All hourly-paid, non-managerial employees of UNITED CEREBRAL PALSY/SPASTIC CHILDREN'S FOUNDATION OF LOS ANGELES AND VENTURA COUNTIES, in the State of California from April 2014 to the present who both (a) have at least one Workweek for which they were paid for 40 or more hours, as reflected in UNITED CEREBRAL PALSY/SPASTIC CHILDREN'S FOUNDATION OF LOS ANGELES AND VENTURA COUNTIES' payroll records, during the relevant time period, and (b) opt in to the proposed FLSA collective action by consenting to join.

28.    Plaintiff alleges that during the Relevant Time Period, she is and was:

> a.   An individual who resides in the County of Los Angeles and the State of California;
>
> b.   Employed as a non-managerial caregiver for defendants in the State of California, within the three years preceding the filing of the complaint here;
>
> c.   Worked more than 40 hours in a given week;
>
> d.   Did not receive overtime compensation for all hours worked over 40 hours in any given week;
>
> e.   Worked regular hours for which they received no pay whatsoever;
>
> f.   Is a member of the Collective Class as defined in paragraph 28 in this Complaint; and
>
> g.   Plaintiff has consented to join this action (attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's signed Consent to Sue Form).

- 9 -

29.    Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the Collective Class overtime premiums for all hours worked in excess of 40 hours per workweek.

30.    Defendants failed to properly maintain timekeeping and payroll records pertaining to the Collective Class under the FLSA, 29 U.S.C. 211(c).

31.    Defendants' unlawful conduct was widespread, repeated, and consistent.

### FACTUAL ALLEGATIONS

32.    At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt "Caregiver" positions (hereinafter including any of Defendants' job positions with substantially similar titles and duties positions), however titled, throughout the state of California.  Caregivers and other relevant titles are generally defined as non-exempt employees.

33.    Defendants employed Plaintiff as a Non-Exempt Caregiver working as a non-exempt hourly paid employee during the liability period until her separation in approximately February 2015.

34.    Defendants continue to employ non-exempt employees, however titled, throughout the state of California.

35.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

36.    During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

37.    On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

38.    On information and belief, during the relevant time frame, Plaintiff

and Class Members were deducted a full 30 minutes of time despite recorded meal periods being less than 30 minutes and/or working while clocked out for a meal period due to the demands placed upon them by Defendants.

39.    During the relevant time frame, Plaintiff, and on information and belief the Class Members were systematically denied meal periods and not permitted or authorized rest breaks or not provided meal periods or rest periods within the legally required time frames.    Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where all meal periods and rest breaks were not provided, or not provided within the legally required time frames.

40.    Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate wages including overtime compensation, and premium wages including but not limited to Labor Code §§201-203, 226.7, 510, 512, 558, 1194 and applicable IWC Wage Orders and California Code of Regulations, but were not paid all regular and overtime wages and not paid all meal and rest period premiums due.

41.    During the relevant time frame, Plaintiff, and on information and belief the Class Members, were not paid all wages due and owing at the time of separation for meal and rest period premiums, overtime wages, and time spent under the control of Defendant working and upon separation from Defendants employ.

42.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members premium wages, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

43.    Plaintiff and Class Members they seek to represent are covered by, and

**CLASS ACTION COMPLAINT**

Defendants are required to comply with, applicable California Labor Codes, IWC Wage Orders and corresponding applicable provisions of California Code of Regulations, Title 8, 11000 *et seq.*

## CLASS ACTION CLAIMS

### FIRST CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME

### On Behalf of the California Class Against All Defendants

44.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

45.    <u>Labor Code</u> §204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

46.    <u>Labor Code</u> §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

47.    Pursuant to <u>Labor Code</u> §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the <u>IWC Wage Order(s)</u>.

48.    Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

> a.  Administered uniform company policies and practices regarding the duties and responsibilities of Plaintiff and the members of the Non-Exempt Class;
>
> b.  Administered a uniform company policy and practice regarding the payment of wages to Plaintiff and the members of the Non-Exempt Class;
>
> c.  Scheduled to work and in fact required Plaintiff and the members

of the Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek without paying overtime compensation for all hours they were under Defendants' control; and

d.  Failed to pay Plaintiff and the members of the Class overtime compensation for all work accomplished in excess of eight (8) hours per day and/or forty (40) hours per week; and

e.  Did not employ the members of the Class using: i) an alternative workweek schedule adopted pursuant to Labor Code §511; ii) an alternative workweek schedule adopted pursuant a collective bargaining agreement pursuant to Labor Code §514; or iii) an alternative workweek schedule which is inapplicable here pursuant to Labor Code §554.

49.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant to Labor Code §218 and Labor Code §1194(a), to recovery by the members of the Class, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, reasonable attorneys' fees, and costs of suit.

50.    Defendants' nonpayment of overtime compensation to the members of the Class was Defendants' uniform policy and procedure, and therefore a class action is the most efficient means of resolving the Class Members' overtime claims.

51.    Pursuant to Labor Code §218.6, Labor Code §1194(a) and CC §3287, the members of the Class seek recovery of pre-judgment interest on all amounts recovered herein.

52.    Pursuant to Labor Code §1194, the members of the Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS

### On Behalf of the California Class Against All Defendants

53.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

54.    Labor Code §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

55.    Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

56.    Labor Code §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

57.    Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

58.    Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall

state that the employee may, in writing, revoke the agreement at any time."

59.    Section 11(B) of the <u>IWC Wage Order(s)</u> provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

60.    Plaintiff and the members of the Class consistently worked over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

61.    Further, Plaintiff and some members of the Class consistently worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes.

62.    Plaintiff and the members of the Class did not waive their meal periods, by mutual consent with Defendants or otherwise.

63.    Plaintiff and the members of the Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

64.    As a matter of Defendants' established company policy, Defendants failed to comply with the meal period requirements established by <u>Labor Code</u> §226.7, <u>Labor Code</u> §512, <u>Labor Code</u> §516 and Section 11 of the <u>IWC Wage Order(s)</u>.

65.    Further, the nature of the work exception for alleged on-duty meal period agreements are not satisfied by the job duties and responsibilities of Plaintiff and the Class and are thus invalid.

66.    Pursuant to Section 11(B) of the <u>IWC Wage Order(s)</u> and <u>Labor Code</u> §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest

period is not provided," Plaintiff and the members of the Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the meal period was not provided.

67. Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, Plaintiff and the members of the Class seek recovery of pre-judgment interest on all amounts recovered herein.

## THIRD CAUSE OF ACTION FOR FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS

### On Behalf of the California Class Against All Defendants

68. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

69. <u>Labor Code</u> §226.7(a) states: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

70. <u>Labor Code</u> §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

71. Section 12(A) of the <u>IWC Wage Order(s)</u> states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

72. Section 12(B) of the <u>IWC Wage Order(s)</u> states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions

of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

73.    Plaintiff and the members of the Class consistently worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

74.    As a matter of Defendants' established company policy, Defendants failed to authorize and permit the required rest periods established by <u>Labor Code</u> §226.7 and <u>Labor Code</u> §516 and Section 12 of the <u>IWC Wage Order(s)</u>.

75.    Pursuant to Section 12 of the <u>IWC Wage Order(s)</u> and <u>Labor Code</u> §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the Plaintiff and the members of the Class are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the rest period was not so provided.

76.    Pursuant to <u>Labor Code</u> §218.6 and <u>CC</u> §3287, Plaintiff and the members of the Class seek recovery of pre-judgment interest on all amounts recovered herein.

**FOURTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES**
**On Behalf of the California Class Against All Defendants**

77.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

78.    <u>B&PC</u> §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

79.    <u>B&PC</u> §17205 provides that unless otherwise expressly provided, the

- 17 -

remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

80.    B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

81.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiff and all others similarly situated of the minimum working standards and conditions due to them under California labor laws and the IWC Wage Order(s), as specifically described herein.

82.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

83.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

84.    Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of such unfair competition.

85.    Plaintiff and the Class seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

86.    Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

87.    Therefore, Plaintiff requests that the Court issue a preliminary and

**CLASS ACTION COMPLAINT**

permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

88.    Plaintiff seeks the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## FIFTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES

### On Behalf of the California Class Against All Defendants

89.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

90.    Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

91.    Plaintiff and some of the members of the Class are no longer employed by Defendants. They were either discharged from or quit Defendants' employ.

92.    Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

93.    Defendants willfully failed to pay the members of the LC 203 Class a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

94.    Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

95.    Thus, the members of the LC 203 Class are entitled to recovery pursuant to Labor Code §203, in the amount of each LC 203 Class members' daily wage multiplied by thirty (30) days.

96.     Pursuant to CC §3287, the members of the LC 203 Class seek recovery of pre-judgment interest on all amounts recovered herein.

## SIXTH CAUSE OF ACTION PURSUANT TO
## THE F.L.S.A. FOR FAILURE TO PAY OVERTIME WAGES
### On Behalf of the Collective Class and the General Public Against All Defendants

97.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

98.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and the Collective Class to perform off-the-clock work each shift. At all times relevant to this action, Plaintiff and the Collective Class were suffered to work in excess of 40 hours per week without premium pay in violation of 29 U.S.C. § 216 *et. seq*.

99.     Defendants' violations of the FLSA were knowing and willful. Defendants could have easily accounted for and properly compensated Plaintiffs and the Collective Class but have failed to do so.

100.   Plaintiff has consented to be joined in this action.

101.   Plaintiff therefore seeks damages in an amount equal to the unpaid overtime wages due and owing to the Collective Class, along with liquidated damages in an equal amount, costs and attorney's fees as provided for in 29 U.S.C. § 216.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That Plaintiff be appointed as the representative of the Subclass; and

4.     That counsel for Plaintiff is appointed as counsel for the Class and

Subclass.

On the First Cause of Action

1.      For damages, as set forth in <u>Labor Code</u> §1194(a) and the <u>IWC Wage Order(s)</u> regarding wages due and owing, according to proof;

2.      For pre-judgment interest as allowed by <u>Labor Code</u> §218.6, <u>Labor Code</u> §1194(a) and <u>CC</u> §3287;

3.      For an award of reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §1194(a); and

4.      For such other and further relief as the Court deems proper.

On the Second Cause of Action

1.      For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner;

2.      For pre-judgment interest as authorized by <u>Labor Code</u> §218.6 and <u>CC</u> §3287; and

3.      For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.      For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted;

2.      For pre-judgment interest as authorized by <u>Labor Code</u> §218.6 and <u>CC</u> §3287; and

3.      For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.      For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

2.      For an Order requiring Defendants to identify each of the members of the Classes by name, home address, and home telephone number;

- 21 -

**CLASS ACTION COMPLAINT**

3.    For an Order requiring Defendants to make full restitution and payment pursuant to California law;

4.    For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

5.    For all other appropriate injunctive, declaratory and equitable relief;

6.    For interest to the extent permitted by law;

7.    For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other applicable provision of law; and

8.    For such other and further relief as the Court deems proper.

<u>On the Fifth Cause of Action</u>

1.    For damages, as set forth in Labor Code §203 and the IWC Wage Order(s) regarding wages due and owing, according to proof;

2.    For pre-judgment interest as allowed by Labor Code §218.6, Labor Code §1194(a) and CC §3287;

3.    For an award of reasonable attorneys' fees and costs; and

4.    For such other and further relief as the Court deems proper.

<u>On the Sixth Cause of Action</u>

1.    For general damages as measured by unpaid overtime wages; liquidated damages, an equal amount to the unpaid overtime wages under federal law, including, *inter alia*, 29 U.S.C. § 216 et. seq.; and interest and attorneys fees pursuant to, *inter alia,* 29 U.S.C. § 216 et. seq.; and

2.    For such other and further relief as the Court deems proper.

CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.


Dated: April 14, 2017                    JAMES HAWKINS APLC

By:/s/ Gregory Mauro
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
Attorneys for Plaintiff ANGELINA
PONCE, individually and on behalf of
all others similarly situated.

- 23 -

# EXHIBIT 1

## CONSENT TO SUE FORM

**Consent to sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)**

1. From _____2002_____ [DATE] through _____February 2015_____ [DATE], I was employed by UNITED CEREBRAL PALSY/SPASTIC CHILDREN'S FOUNDATION OF LOS ANGELES AND VENTURA COUNTIES, a California Corporation as a non-exempt employee.

2. During my above stated dates of employment, there were many occasions on which I worked more than forty hours per workweek and was not compensated at the rate of one and one half times my regular rate of pay for such hours.

3. I consent to join the FLSA collective action titled *Ponce v. United Cerebral Palsy/Spastic Children's Foundation of Los Angeles and Ventura Counties*, (C.D. CA), to recover my unpaid overtime and all other damages as allowed by the FLSA.

4. I am currently the named plaintiff in this action and represented by James Hawkins, APLC.

Print Name: ANGELINA PONCE

Signature: *Angelina Ponce*

Date Signed: April 10, 2017